# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON EARL JONES, | 1:09-cv-00563-DLB (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR PRELIMINARY |
| v. | INJUNCTION/RESTRAINING ORDER |
| MATTHEW CATE, | [Doc. 2] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented to the jurisdiction of the United States Magistrate Judge on April 6, 2009. (Court Doc. 8.)

Petitioner filed the instant petition for writ of habeas corpus on February 9, 2009, along with a motion for a preliminary injunction and/or restraining order, in the United States District Court for the Eastern District of California, Sacramento Division. (Court Docs. 1, 2.) The petition was transferred to this Court on March 27, 2009. (Court Doc. 6.)

In his petition for writ of habeas corpus, Petitioner challenges a rules violation he received for possession of narcotics for sale by a prisoner. As a result of the violation, Petitioner suffered a loss of 30-days of custody credits, in addition to other privileges including loss of all visitation for one year and non-contact visitation for the two years thereafter.

In his motion for a preliminary injunction and/or restraining order, Petitioner contends that there was insufficient evidence to support the finding that he intended to distribute marijuana

1

and the punishment of denial of visitation with his family and friends has resulted in irreparable harm. Petitioner requests that the Court issue an order directing Respondent to reinstate his visitation privileges.

Rule 65(b) of the Federal Rules of Civil Procedure allows the Court to issue a temporary restraining order. The Court can issue a temporary restraining order if the moving party has shown either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), *quoting* Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under either formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of irreparable injury, the Court need not reach the issue of likelihood of success on the merits. Id.

To obtain a preliminary injunction, a party must demonstrate either 1) a combination of probable success on the merits and the possibility of irreparable injury, or 2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in its favor. First Brands Corp. v. Fred Meyer, Inc., 809 F.2d 1378, 1381 (9th Cir.1987.)

As Petitioner is merely re-arguing the merits of his petition by way of motion for injunctive relief, Petitioner has failed to met his burden demonstrating entitlement to injunctive relief. The merits of Petitioner's petition will be resolved in due course, as the Court's number of pending cases is substantial and the Court must act first on those cases that have been pending the longest.

Based on the foregoing, it is HEREBY ORDERED that Petitioner's motion for a preliminary injunction and/or restraining order is DENIED.

IT IS SO ORDERED.

Dated: **April 23, 2009**      /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE

2